## Watcher v. Watcher

*Raymond W. Dorian,* for plaintiff.
*J. Robert Zane,* for defendant.

RUBRIGHT, *J.,* July 31, 1990 — This matter is presently before the court on a petition to bifurcate filed by defendant. A hearing was held and we are now prepared to dispose of the matter.

The parties were married on July 16, 1977, and they separated in January 1987. On January 26, 1987, plaintiff filed a complaint in which she seeks a divorce on the grounds that the marriage is irretrievably broken, indignities and adultery. After the parties had been separated for three years, defendant filed a 201(d) affidavit. A master has been appointed to resolve the économic issues but, at the time of our hearing, no hearings had been held on those issues.

Defendant has filed the instant petition requesting the court to bifurcate the divorce from the economic claims. The decision to bifurcate should not be made pro forma. Rather, such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed. *Wolk v. Wolk,* 318 Pa. Super. 311, 464 A.2d 1359 (1983). Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should it grant the petition. *Id.*

There are several advantages to bifurcation. It separates the dissolution of the marriage from the distribution of property so that the marriage and each party's personal life are not held hostage to economic demands. At the same time, the dependent spouse is not economically disadvantaged by the fact of the divorce being issued because support and/or alimony pendente lite are required to continue at their pre-divorce levels pending resolution

of the economic matters. *Id.* There are also tax advantages since a spouse may avoid filing status as married filing separately. Finally, bifurcation encourages case settlements between the time the divorce decree is issued and the economic issues reach trial.

Defendant testified that he desires bifurcation largely because he owns a used-car business and he is unable to borrow money due to the current status of his marriage. He has also been filing his income tax returns as married filing separately which puts him in a higher tax bracket than if he filed with single status. Plaintiff does not work or file an income tax return so she would not be disadvantaged in this respect by the entry of a divorce. Defendant has been paying support in the amount of $170 per week for plaintiff and their children as well as Blue Cross/Blue Shield, the mortgage and homeowners insurance on the marital home where plaintiff and children reside, and the real estate taxes. He agrees to the continued payment of those items pending resolution of the economic issues.

Plaintiff objects to bifurcation because she fears that once a divorce is granted, defendant will use his interest in the marital real estate as collateral for his business loans. We find this fear to be unfounded. It is true that, by operation of law, a tenancy by the entireties becomes a tenancy in common upon the divorce of the parties. 68 Pa.C.S. §501. Therefore, if a divorce decree is entered, defendant will become a tenant in common, seized of an undivided one-half interest in the property. However, we find plaintiff's fear to be unfounded because no lending institution would accept a one-half interest in real estate as collateral for a loan.

Plaintiff instituted this divorce action by filing a complaint in which she avers that the marriage is irretrievably broken. Defendant has filed a 201(d)

affidavit in which he states that the marriage is irretrievably broken. Clearly, there is no chance of reconciliation here.

Plaintiff argues that defendant will not be inclined to settle the economic issues if a divorce decree is entered. Past experience has proven the opposite to be true. Once the marriage is dissolved, the parties are generally anxious to begin restructuring their lives and are more willing to enter into meaningful settlement discussions. Furthermore, the court will not deny a petition to bifurcate solely on the grounds that one spouse wishes to hold the other hostage to economic demands.

Based upon a careful analysis of the advantages and disadvantages, we conclude that bifurcation would be the fair alternative for both parties, provided that defendant continues to pay the support and other items he has been paying pending the resolution of the economic issues.

Accordingly, we enter the following

### ORDER

And now, July 31, 1990, after hearing and careful consideration of the evidence, it is hereby ordered that defendant's petition to bifurcate is granted.

It is further ordered that defendant shall continue to pay, pending resolution of the economic issues:

(1) support in the amount of $170 per week for plaintiff and the minor children;

(2) the cost of Blue Cross/Blue Shield coverage for plaintiff and the minor children;

(3) the mortgage and homeowners' insurance on the marital home; and

(4) the real estate taxes on the marital real estate.